## Case No. 16,605.

### UNITED STATES v. VALLEJO.

[Hoff. Dec. 51.]

District Court, N. D. California. Jan. 25, 1862.

CALIFORNIA LAND GRANTS—DECREES OF CONFIRMATION—RES JUDICATA—SURVEYS.

[After a decree confirming a grant according to described boundaries, and the dismissal of an appeal therefrom, the court has no authority, in determining questions relating to the survey, to assume the invalidity of the original grant.]

HOFFMAN, District Judge. In the decree of confirmation in this case, the land is described as the place called "Petaluma," containing 15 square leagues. and bounded "as follows, viz.: "On the south by the estero of Olompali (Petaluma creek), north and east by the river Sonoma, Agua Caliente, and Giulicos, and on the west by the hills of the Roblar de la Miseria." The title of the claimant, Mariano G. Vallejo, was founded in three different grants. The first dated June 21, 1834, was for the land known by the name of "Petaluma," bounded by the mission of San Francisco Solano, the place of Santa Rosa, and the estero de Olompali, of the extent of four square leagues. On the 22d October, 1843, Vallejo petitioned Gov. Micheltorena for a new grant of the tract, alleging that his previous title papers, as well as the expediente, had been lost. In this petition he represents that the land was of the extent of ten square leagues, as shown by the map, &c. It is not explained whether, in thus stating the extent of the tract referred to, Vallejo deceived the governor. and procured from him a grant of 10 leagues, under the idea that that was the quantity already granted to him by the titles which had been lost, or whether he meant to ask, and the governor to give, an addition to the previous grant. It seems, however, that the grant issued for the "place called 'Petaluma,' bounded on the south by the estero of Olompali, on the north and east by the river of Sonoma, Agua Caliente, and Giulicos, and on the west by the hills of the Roblar de la Miseria, it being of the extent of 10 square leagues." The third title exhibited by the claimant was a grant dated June 22, 1844, for the surplus or sobrante of five leagues, found to exist "in the place of Petaluma, marked out and recognized from the river of Sonoma, to the estero of Olompali and Posas Cautua." The second condition provides "that the land of which mention is made shall not pass the boundaries which have up to this time been recognized as those of Petaluma, mentioned in the respective title of said rancho, in which they are described in a distinct and positive manner." The authenticity and validity of all these grants was recognized and affirmed by the decision of the board and the decree of this court, and the claim was confirmed to 15 leagues of land, bounded as has been stated. The appeal to the supreme court having

been dismissed by the United States, the decree of this court has become final, and cannot now be disturbed.

It is alleged that the sobrante, or five-league grant, is a forgery. But that question is no longer open for discussion. It is also objected that all the grants are for the place called "Petaluma," and the true eastern boundary of that tract is not the river Sonoma. but a range of hills to the west of it, which separates the two valleys of Petaluma and Sonoma. But in answer to this objection it is enough to say that the ten-league grant expressly mentions the boundaries of Petaluma to be, on the south, the estero de Olompali, and on the north and east the river of Sonoma, Agua Caliente, and Giulicos. The five-league or sobrante grant also speaks of the "place of Petaluma, marked out and recognized from the river of Sonoma to the estero of Olompali and Posas Cautua." And the second condition expressly refers to the "boundaries of the Petaluma as mentioned in the title to the rancho, in which they are described in a distinct and positive manner."

Assuming these grants to be genuine, there can be no doubt that the eastern boundary of Petaluma was the river of Sonoma. The decree of confirmation expressly states the boundaries in the language of the ten-league grant, and I am at a loss to perceive how, in the present proceeding, I can adopt any other boundaries than those mentioned in the decree.

The reference in the decree to the title papers and evidence will not aid us in this case. as in some others, to correct any accidental error of the decree in the designation of boundaries, for the same description must be adopted, unless we assume the grants to be fraudulent; an hypothesis which, after final confirmation, cannot be entertained. The extent of land within the exterior boundaries marked in the decree has been found to exceed 15 leagues, the quantity confirmed. That quantity has accordingly been surveyed to the claimant within his exterior boundaries, at his election. I am not aware that any objection is taken to the manner in which this right has been exercised. The survey is therefore approved.